UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW EAST WEST TRADING INC., | No.  2:21-cv-1703-MCE-KJN |
| Plaintiff, | ORDER FOR SUPPLEMENTAL BRIEFING |
| v. | |
| WYGOLD LLC, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff's amended motion for default judgment against defendants Wygold LLC and Cynthia Gillette.  (ECF No. 15.)  The court took the motion under submission on April 20, 2022, after defendants failed to respond, despite multiple notices of the pending motion.  (ECF No. 16.)

Upon review of plaintiff's motion, the court finds deficiencies that, at this time, prevent it from entering its final recommendations for review by the district court.  The court is aware of its duty to take all well-pleaded factual allegations as true upon entry of default.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or

1

conclusions of law); see, e.g., Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). Further, while a party's default may establish that party's liability, it does not establish the amount of damages. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). To this end, the court notes the following issues which plaintiff shall brief in a supplemental filing:

1. Plaintiff contends that under the second and third Eitel factors, the breach of contract claim is meritorious and sufficiently pleaded as per federal common law. (See ECF No. 15 at 5-6.) However, conflicting law exists indicating that "a federal court sitting in diversity applies the choice-of-law rules of the forum state . . . ." Aqua–Marine Constructors, Inc. v. Banks, 110 F.3d 663, 670 (9th Cir. 1997). Plaintiff shall confirm that California law, and not federal common law, applies to this breach of contract action filed in a California federal court (or if not, why federal common law should apply).

2. If plaintiff concurs that California law applies, one element of a breach of contract action in this State is the existence of a contract. See CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). In reviewing the complaint and briefing, it appears plaintiff's sole contact was defendant Hung, and plaintiff never interacted with Wygold or Gillette throughout the negotiations or post-invoice assurances period. Plaintiff makes a single, conclusory allegation in the complaint (ECF No. 1 at ¶ 9) regarding agency, and appears to heavily rely on Hung's representations that Wygold was in fact a party to the contract. Thus, the court is concerned as to the existence of an actual contract between plaintiff and Wygold/Gillette. The court has reviewed plaintiff's documents supporting the motion, which appear to consist of an invoice purportedly with Gillette's signature (though in typeface only, and sent not from Gillette but from Hung) and a wire transfer receipt (but with the only link to Wygold being the bank information lifted from Hung's invoice). (ECF No. 15-1.) Additionally, the court has reviewed documents attached to the complaint not referenced in the motion, including the November 9th letter with Wygold's seal (but sent by Hung, which is addressed to another buyer altogether) and a text string between plaintiff and Hung (untranslated versions of which the court cannot

1  read, even though portions are relied upon in the complaint).  In the motion for default judgment, plaintiff simply states there is no possibility of dispute concerning material facts because defendants had ample opportunity to respond.  However, the tenuous connection between the allegations and documents requires more.  Plaintiff shall confirm what evidence and California case law supports each element of the contract claim—most importantly the existence of the contract between plaintiff and Wygold.  Plaintiff shall address California agency principles in doing so.  See, e.g., Valentine v. Plum Healthcare Group, 37 Cal. App. 5th 1076, 1077 (2019) ("Before recovery can be had against the principal for the acts of an ostensible agent, three requirements must be met:  The person dealing with an agent must do so with a reasonable belief in the agent's authority, such belief must be generated by some act or neglect by the principal sought to be charged[,] and the person relying on the agent's apparent authority must not be negligent in holding that belief.  Ostensible agency cannot be established by the representations or conduct of the purported agent; the statements or acts of the principal must be such as to cause the belief the agency exists.") (citations omitted).  Should plaintiff intend to rely on any statements from the app text string, certified translations shall be provided.  Plaintiff may submit additional documentary evidence should it wish to do so.

3. As to the alter ego allegations against Gillette, plaintiff's default judgment motion merely cites to three paragraphs in the complaint that contain boilerplate allegations of pass-through liability.  See, e.g., Rubie's LLC v. First Am. Title Co., 2019 WL 2546585, at *6 (E.D. Cal. June 20, 2019) (applying federal pleading standards in a default judgment motion and reminding that "mere legal conclusions that a contract existed" are insufficient under Eitel (citing Ashcroft v. Iqbal, 556 U.S. at 662, 679 (2009)).  Plaintiff does not reference the LLC exhibits in the default motion, despite Wygold's LLC-12NC being submitted in the complaint.  Plaintiff shall address its alter-ego argument as under California law, and confirm the facts relied upon for this portion of its motion.

4. As to damages, the court is also significantly concerned.  First, plaintiff appears to contend a right to the full contract price, but does so by citing general contract cases from

3

California courts. However, nowhere does plaintiff discuss what appear to be the relevant statutes in Cal. Commercial Code, Division 2, governing contracts for the sale of goods between merchants (which appear to be the thrust of the allegations in the complaint). Specifically concerning damages, it is particularly important for plaintiff to address Cal. Com. Code § 2711 concerning a buyer's remedies in the event of a breach, § 2712 concerning cover, and related damages statutes in the Cal. U.C.C. Plaintiff shall put forth its damages argument under these section regarding the amount of damages it believes it is entitled to, and provide specific citation to California case law for each portion of the damages request it believes is just. Alternatively, if plaintiff believes the Cal. U.C.C. should not apply, plaintiff shall provide authority for this contention. Additionally, plaintiff shall confirm the <u>actual</u> amount of damages it believes is at issue, as plaintiff continually refers to a contract price of $153,000, but this amount is contradicted by the invoice, which shows an apparent contract amount of $153,900.

5. Finally, plaintiff requests pre- and post-judgment interest at 10% both in the complaint and motion for default judgment. Plaintiff cites to Cal. Civ. Code §§ 3287 and 3289, which governs pre-judgment interest under California law. The court presumes plaintiff intends to rely on 28 U.S.C. § 1961(a) for the award and calculation of post-judgment interest. Should plaintiff wish to argue otherwise, specific authority shall be provided.

Without further satisfactory briefing, the undersigned will be compelled to deny the motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiff shall submit supplemental briefing on the issues outlined above, as well as any others plaintiff believes should be briefed in order to finalize the motion. This supplemental briefing is due by August 15, 2022, but may be submitted sooner should plaintiff wish to expedite its motion.

Dated: July 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

newe.1703